[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Sergio Almonte owns and operates a grocery store in Hartford, Connecticut. He had been an authorized vendor for the federal Special Supplemental Food Program for Women, Infants and Children (WIC) which is administered in Connecticut by the defendant State of Connecticut Department of Public Health (DPH). The plaintiff, pursuant to General Statutes § 19a-59c and Regulations of Connecticut State Agencies § 19a-59c-5, entered into a contract with the defendant authorizing the plaintiff to accept and redeem coupons from eligible WIC participants in exchange for certain food items.
The defendant alleging that the plaintiff had violated his contract and the WIC state and federal regulations disqualified him from participating in the program. Plaintiff appealed such decision to the agency pursuant to § 19a-59c-6 of the Regulations of Connecticut State Agencies. In its final decision dated July 22, 1997 the defendant confirmed the disqualification of plaintiff from the WIC program.
Plaintiff is seeking a review of such agency action through the means of this appeal brought pursuant to General Statutes § 4-183 of the Uniform Administrative Procedures Act [UAPA], § 4-166 et seq.
Defendant moves to dismiss the appeal claiming that plaintiff has no statutory right to a hearing and thus no statutory right to appeal. CT Page 11335
The UAPA, § 4-183 (a), provides the right to an administrative appeal to a "person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision. . . ." Section 4-166 (3) (A) defines "final decision" as "the agency determination in a contested case." Section 4-166
(2) defines "contested case" as a "proceeding. . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held."
In Summit Hydropower Partnership v. Commissioner ofEnvironmental Protection, 226 Conn. 792 (1993), our Supreme Court affirmed that under § 4-183 the Superior Court lacks jurisdiction to hear an administrative appeal in the absence of a statutory provision requiring the agency to provide an opportunity for a hearing to determine a party's legal rights, duties or privileges.
General Statutes § 19a-59c provides: "The Department of Public Health is authorized to administer the federal Special Supplemental Food Program for Women Infants and Children in the state, in accordance with federal law and regulations."
(Emphasis added.) The federal regulations governing the WIC program provide in pertinent part: "The state agency shall provide a hearing procedure whereby a food vender . . . adversely affected by a state or local agency action may appeal the action." 7 C.F.R. § 246.18.
Federal regulations mandate a hearing to determine the rights of a vender, such as the plaintiff; to participate in the WIC program. The state legislature has directed the DPH to administrate the program in accordance with such regulation.
The court finds that the DPH was statutorily (§ 19a-59c) directed to provide the plaintiff a hearing to determine his legal right to continue as a WIC vender. The resulting DPH decision is thus a final decision in a contested case subject to Superior Court review pursuant to the UAPA. Also see HispanoMarket v. Department of Public Health, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 564958 (Maloney, J., March 27, 1997). In which the court held that §4-182 (c) required a hearing because the WIC vender status disqualification was equivalent to a license revocation citingPARCC, Inc. v. CHHC, 235 Conn. 128, 138 (1995). CT Page 11336
The motion to dismiss is denied.
Robert F. McWeeny, J.